MICHAEL McGRATH, Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY, a Foreign Corporation, Appellant.

(177 N. W. 383.)

**Railroads — railroad under Federal control not liable for conversion committed.**

The complaint charges that in November, 1918, at Dunn Center, North Da-

NOTE.—Authorities discussing the question of Federal control of public utilities are collated in a note in 4 A.L.R. 1680.

kota, the defendant took, carried away, and converted certain cattle, the prop-erty of the plaintiff; but at that time and place it conclusively appears the government was in full and absolute control of the railway, and that neither defendant, nor any of its agents or servants, had any control over the operation of the railway, and in the commission of the alleged conversion the railway company did not act or claim to act as an instrumentality or agency of the Federal government. Hence the railway company was in no manner liable for the torts or wrongs or contracts of the government or its Director General, or any other party over whom it had no control.

Opinion filed March 26, 1920.

Appeal from a judgment of the District Court of Dunn county, Hon-orable *F. T. Lembke,* Judge.

Reversed and dismissed.

*Young, Conmy, & Young,* for appellant.

The defendant had absolutely nothing to do with the alleged conver-sion. It is in no manner liable here, and the motion to dismiss should have been granted. McGregor v. G. N. R. Co. (N. D.) 172 N. W. 841; Federal Control Act, March 21, 1918, § 10 (Comp. Stat. § 3113¾j); Haubert v. Baltimore & O. R. Co. 259 Fed. 361; Hatcher & Snyder v. Atchison, T. & S. F. R. Co. 258 Fed. 952.

*T. F. Murtha,* for respondent.

"Under Federal Railroad Control Act, § 10 (U. S. Comp. Stat. § 3115¾j), authorizing actions to be brought against carriers as provided by law, action could be brought against the carrier in its corporate name, and General Order No. 50 of the Director General, requiring actions to be brought against the Director General, is invalid." Cowan v. McAdoo (Mich.) 173 N. W. 440; West v. R. (Mass.) 123 N. E. 621; Franke v. R. (Wis.) 173 N. W. 701.

ROBINSON, J. This is an appeal from a judgment against the North-ern Pacific Railway Company for $315 and costs.

In November, 1918, at Dunn Center, North Dakota, one Bailey made a shipment of stock to Chicago over the line of the Northern Pa-

cific Railway Company. It included several cattle which the plaintiff owned, or claimed to own, and he forbade the shipment, and for the conversion of the cattle the plaintiff obtained a verdict for $315. The verdict is well sustained by the evidence, except on one point, which is that the defendant had nothing to do with the conversion. It did not operate or control its railway at the time of the conversion. The road was then operated by the United States government, and not by the Northern Pacific Railway Company. That point, like Aaron's rod, swallows up all the other points.

Pursuant to the act of Congress and the order of the President, in November, 1918, and during all of that year, under a Director General, all the railroads of the country were controlled and operated by the government. It matters not whether the government control was rightful or wrongful, the facts are that it did have the actual control, and the Northern Pacific Railway Company had no control over its road and nothing to do with its operation. It did not receive the cattle from the plaintiff or from any other person. It did not carry away or convert the cattle. It did the plaintiff no wrong.

But the contention is that under an act of Congress the road became liable for the wrongs of the government and the Director General. Section 10 of the Federal Control Act is as follows:

"That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such Federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal government."

Now, if the purpose of that section was to make the railway company liable for the wrongs or contract of the government in the control and operation of the railway, then the effect would be to deprive the company of its property without due process of law and to take the property for public purposes without compensation, and of course that is

46 N. D.—20.

contrary to the plain words of the Constitution. "Certainly the taking of the property of a corporation to pay the debts or liabilities of the government for which the corporation is in no way liable or responsible violates the provisions of the Constitution and deprives it of the equal protection of the law." Schumacher v. Pennsylvania R. Co. 106 Misc. 564, 175 N. Y. Supp. 89. That is a well-considered case, and the reasoning of the court is entirely satisfactory, if not conclusive. We have not come to the pass when the government can make a corporation or an individual liable for the government's own wrongs or its own contracts. The decision concludes that the Federal Control Act of March, 1918, so far as it authorizes judgment against carrier corporations for the default or liabilities of the government, violates the Federal Constitution, providing against the taking of private property without due process of law.

In a case recently before this court the question here presented was mooted, but not decided. McGregor v. Great Northern R. Co. 42 N. D. 269, 4 A.L.R. 1635, 172 N. W. 844. By Mr. Justice Birdzell, in the majority opinion, it was said: "It is possible that, as a result of the government control of the transportation facilities, the carriers are so far denied the right to direct and manage their own affairs in connection with transportation that they cannot be held liable for the negligence of an employee." Attention was called to the fact "that prior to August 1, 1918, the Director General exercised possession and control exclusively through officers and directors of the railway corporations, and that since August 1, 1918, all administration and transportation has been effected through officers and agents directly appointed by the Director General, and these are not recognized as agents of the corporation." That being true, it is entirely clear that in November, 1918, the defendant had nothing to do with the management or control of its railroad or the carrying away and conversion of the plaintiff's cattle. It is also clear beyond dispute that, in the alleged tort and conversion, the railway company was not an instrumentality or agent of the Federal government. Hence it was in no manner liable for conversion.

Reversed and dismissed.

CHRISTIANSON, Ch. J., and BIRDZELL, J., concur.

BRONSON, J. (concurring specially). This action was instituted and prosecuted against the Northern Pacific Railway Company alone. No motion or proceedings were had, either by the plaintiff or the defendant, to substitute the Director General as a party defendant under his General Order No. 50. Upon the reasoning of my dissenting opinion in McGregor v. Great Northern R. Co. 42 N. D. 269, 4 A.L.R. 1635, 172 N. W. 847, I fully concur in the reversal and dismissal of this action. See Castle v. Southern R. Co. 112 S. C. 407, 8 A.L.R. 959, 99 S. E. 847; Nash v. Southern P. R. Co. 260 Fed. 280; Peacock v. Detroit, G. H. & M. R. Co. 208 Mich. 403, 8 A.L.R. 964, 175 N. W. 580; also dissenting opinions, State ex rel. Langer v. Northern P. R. Co. 43 N. D. 556, 172 N. W. 335, reversed in Northern P. R. Co. v. North Dakota, 250 U. S. 135, 63 L. ed. 897, P.U.R.1919D, 705, 39 Sup. Ct. Rep. 502, 18 N. C. C. A. 878.

GRACE, J., concurs.