PARKINSON, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY et al (Chicago, Milwaukee & St. Paul Railway Company, Respondent.)

(178 N. W. 293.)

(File Nos. 4664, 4465.   Opinion filed June 22, 1920.)

1.  Actions—Damages, Recovery Against Railroad—Railroad Under Director General, Presidential Proclamation, Congressional Act, Effect Re Suit.

In actions against a railway company for damages for negligent killing of plaintiff's husband, and for destruction of an automobile, defendant interposed defenses based upon presidential proclamations, and an act of Congress, alleged to have placed defendant in possession and control of the Director General of Railroads under authority of the United States, and providing that actions and suits may be brought by and against such carriers and judgments rendered as now provided by law, and therein no defense shall be made on ground that carrier is an instrumentality or agent of the federal government, and upon a federal general order requiring that actions on claims for death or injuries to persons or for loss or damage to property growing out of possession, use, control or operation of any railway, etc., by the Director General, which action, etc., but for federal control might have been brought against the carrier, shall be brought against the Director General and not otherwise, held, that the act of Congress is paramount and controlling and the provisions of the general order, being in conflict with said act, are void.

2.  Same—Railroads In Possession, Control, Operation, of Director General—Damage Suits Against Carrier, United States the Real Defendant.

These actions are nominally against a railroad company which under presidential proclamation, and an act of Congress, is in possession and operation of the Director General of Railroads, which act provides that actions and suits may be brought by and against such carriers and judgments rendered as now provided by law, and that therein no defense shall be made on ground that carrier is an instrumentality or agent of the federal government; there being a federal general order that actions thereafter brought based on claims for death or injury to per-

11—Vol. 43, S. D.

sons, or for loss and damage to property, arising since a specified date, and growing out of possession, etc., of any railway, by the Director General of Railroads, which action, etc., but for federal control might have been brought against the carrier, shall be brought against the Director General. Held, that an action for damages for negligence in killing plaintiff's husband, and one for damages for negligent destruction of an automobile in which deceased was killed, are in fact suits against the United States although the nominal party defendant is a railroad corporation; that by Sec. 10, Act of Congress of March 21, 1913, (Sec. 3115j U. S. Comp. Stat. 1918) the United States consented to be sued in state and federal courts in the name of the carrier; and thereunder, after taking possession of the railway, the corporation and all its operating employees became agents of the United States; it being the evident purpose of Congress to have all such claims against railroads unembarrassed in procedure by government operation by consenting to suits nominally against carrier but in fact against the United States; and the name, "Director General of Railroads" and "Chicago, Milwaukee & St. Paul Railway Company" were for purpose of such suit but alias names of the United States.

3. Same—Defense of Non-possession and Operation by Defendant Carrier, Operation by Director General—Allegations, Sufficiency.

In a suit nominally against a railway company for damages for negligent killing of plaintiff's husband, and one for damages for negligent destruction of the automobile in which he was traveling, an answer alleging that under a presidential proclamation, an act of Congress and a general order issued thereunder, the railroad and its property was in possession, control, and operation of the Director General of Railroads appointed by the President under authority of the United States, and that by a federal general order all actions upon claims for death or injury to persons or for loss or damage to property arising since a specified date which was prior to the action in question, are required to be brought against the Director General, and prohibiting actions against the corporation owning the railway, alleges sufficient facts showing that said railway system was in possession and control of the United States under authority of said act of Congress.

Appeal from Circuit Court, Day County, Hon. WILLIAM E. SKINNER, Judge.

Action by Sarah Parkinson, against the Chicago, Milwaukee & St. Paul Railway Company, a corporation, and Charles Miller, alleged to have been driving and operating the railway train in

question, to recover damages for negligent killing of plaintiff's husband; and an action by same against same for damages for negligent destruction of the automobile in which plaintiff's husband was traveling; which actions on appeal were consolidated. From an order in each case overruling demurrers to the several answers and counterclaims, plaintiff appeals. Reversed, and causes remanded for further proceedings.

Section 10 of the Federal Control Act provides that:

"Carriers, while under federal control, shall be subject to all laws and liabilities as common carriers, * * * except so far as may be inconsistent with the provisions of this act or any other act applicable to such federal control, or with any order of the President."

*Frank Bohri,* and *J. G. McFarland,* for Appellant.

*Ed. L. Grantham,* and *C. O. Newcomb,* for Respondent.

(1) To point one of the opinion, Appellant cited: McGregor v. Great Northern Railway Company, (N. D.) 172 N. W. 841; Muir v. Louisville & Nashville Ry. Co. 247 Fed. 888-897; Angle v. Chicago & St. P., M. & O. Ry. Co., 151 U. S. 1-19, 14 Sup. Ct. 240, 38 L. Ed. 55; La Valle v. Northern Pac. Ry. Co., (Minn.) 172 N. W. 918; Franke v. C. N. W. Ry. Co., (Wis.) 173 N. W. 701; Frank S. Vaughn v. State (Ala.) 81 Rep. 417; Moore v. Atchinson etc. Ry. Co. 174 R. Y. S. 60.

Respondent cited: Act of Cong. Mch. 21, 1918, Sec. 10.

(2) To point two, Appellant cited: Jensen v. Leheigh Valley Railway Company, 255 Federal 795-797; "Law Notes" April, 1919; Payle v. Northern Pacific Railway Co. (Minn.) 175 N. W. 687; Ringquist v. D. N. & M. Railway Co., (Minn.) 176 N. W. 344; Postal Telegraph Cable Co. v. Call, 255 Federal 850; Witherspool & Son, v. Postal Telegraph Cable Co. 257 Fed. 758; West v. New York, N. H. & R. Co. 123 N. E. 621; Article in Central Law Journal, Vol. 90, No. 14, April 2, 1920, page 245.

Respondent submitted that: Section 10 of the Federal Control Act and Order Number 50 are not inconsistent but both may stand, there being one control, one operation, and that being by the United State, through its Director General; McGreggor v. Great Northern Ry. Co., (N. S.) 172 N. W. 843; Nash v. South. Pac., 260 Fed. 280.

(3) To point three, Respondent cited: Mardis v. Hines,

Director General of Railroads, 258 Fed. 945; North Dakota ex rel Langer, 250 U. S. 135; Frank S. Vaughn v. The State, (Ala.), 81.

McCOY, P. J. Plaintiff instituted two actions against the defendant, Chicago, Milwaukee & St. Paul Railway Company—one for damages for alleged negligent killing of her husband; the other for damages for alleged negligent destruction of the automobile in which the husband was traveling across the right of way and tracks of said defendant at the time of his death, on the 12th day of August, 1918. Defendant railway company interposed like answers in both actions, to which plaintiff interposed demurrers on the ground that said answers do not state facts sufficient to constitute a defense or counterclaim to plaintiff's said causes of action. From an order in each case overruling said demurrers, the plaintiff separately appeals in each case, assigning such rulings as error. For the purposes of hearing and argument, such appeals have been consolidated.

The answers demurred to were as follows:

"That by virtue of the proclamation of the President of the United States dated December 26, 1917, and April 11, 1918, and by virtue of the act of Congress approved March 21, 1918, the railroad and all other property of the defendant, Chicago, Milwaukee & St. Paul Railway Company, was at all times mentioned in the complaint in the possession and control of and being operated by the Director General of Railroads appointed thereto by the President of the United States on behalf of and under authority of the United States of America, and the defendant was not at any time mentioned in the complaint in possession, control of, nor operating the line of railroad mentioned in the complaint.

"That by General Order No. 50, issued, promulgated, and published on the 28th day of October, 1918, all actions upon claims for death or injury to person or for loss or damage to property arising since December 31, 1917, are required to be brought against the Director General of Railroads, and all actions against the corporation owning or operating said road were and are by said order and others supplemental thereto prohibited.

"Wherefore this answering defendant prays that this action be dismissed, and that plaintiff take nothing thereby."

It is the contention of appellant that by virtue of the said act of Congress approved March 21, 1918 (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a-3115¾p) mentioned in said answers, her right to maintain these actions was expressly reserved although the physical possession of said railway system passed into the hands and under the control of the Director General of Railways, and that the said General Order No. 50, promulgated and published on October 28, 1918, was ineffectual and void for the reason that it is in conflict with said act of Congress. Said act of Congress contains the following provision:

"Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agent of the federal government."

The said Order No. 50, among other things contained the provision:

"It is therefore ordered that actions at law, * * * hereafter brought in any court based on * * * claims for death or injury to persons, or for loss and damage to property, arising since December 31, 1917, and growing out of the possession, use, control, or operation of any railway or system of transportation, by the Director General of Railroads, which action, suit or proceeding, but for federal control might have been brought against the carrier company, shall be brought against William G. McAdoo, Director General of Railroads, and not otherwise."

[1, 2]  We are of the opinion that said act of Congress is paramount and must control, and that any provision of Order No. 50 in conflict with said act are void. Lavalle v. N. P. Ry. Co. (Minn.) 172 N. W. 918, 4 A. L. R. 1659; Franke v. C. & N. W. Ry. Co. (Wis.) 173 N. W. 701. We are of the view that the cases at bar are in fact suits against the United States, although the nominal party defendant is a railway corporation. By section 10 of said act of Congress of March 21, 1918 (section 3115¾j, U. S. Comp. Stat. 1918), the United States expressly consented to be sued in state and federal courts in the name of the carrier. From and after the time of the taking over of said railway, the corporation and all its operating employes became

agencies of the United States. It was evidently the purpose of Congress to have the rights of all persons having claims against railroads unembarrassed in procedure by government operation by consenting to suits nominally against the carirer, but which in fact were suits against the United States. Whether the United States, the Director General of Railways, or a railway corporation was named as party defendant in such cases, the action, nevertheless, was one against the United States, as, during government control, the names "Director General of Railways" and "Chicago, Milwaukee & St. Paul Railway Company" were for the purposes of such suits but alias names of the United States, each relating to and meaning one and the same party. Westbrook v. Director General of Railways (D. C.) 263 Fed. 211; Haubert v. B. & O. Ry. Co. (D. C.) 259 Fed. 361. We are not unmindful that in the very recent case of McGrath v. N. P. Ry. Co., 177 N. W. 383, the Supreme Court of North Dakota has apparently held otherwise.

[3] Respondent contends that the allegations contained in said answer "that the defendant was not at any time mentioned in the complaint in possession, control of, or operating said line of railway mentioned in the complaint" constitutes a complete defense within itself, and that all the other portions of the answer might be treated as surplusage. This answer, taken as a whole, will bear no other construction than that at the time in question, August 12, 1918, the said railway system was in possession and control of the United States under the authority of said acts of Congress.

The orders appealed from are reversed, and the causes remanded for further procedure in harmony with this decision.