### BELL v. BAKER.    (No. 6883.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 7, 1923. Rehearing Denied March 7, 1923.)

1. **Limitation of actions ⚏114—Action against railroad for injuries to soldier barred two years after his discharge from service despite provisions of Federal Control Act; "actions against carriers."**

Assuming that Act Cong. March 8, 1918, § 205 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3078¼e), excluding the time of men in the military service in computing limitations, precluded the running of limitations against recovery from a railroad for injuries to a soldier on February 9, 1917, until his discharge on December 23, 1918, an action begun January 19, 1921, was barred by the two years' statute, though Act Cong. Feb. 28, 1920, § 206, subd. f, provides that the period of federal control of railroads, which began January 1, 1918, and ceased March 23, 1920, "shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control"; such provision referring to actions against carriers in federal courts under federal laws only.

2. **Courts ⚏97(5)—Opinions of federal district judges as to applicability of federal act respecting limitations in actions against carriers for causes arising before federal control not authoritative as to causes instituted in state courts.**

Opinions of federal district judges sustaining Act Cong. Fed. 28, 1920, § 206, subd. f, providing that the period of federal control of railroads shall not be computed as part of the periods of limitation in actions against carriers for causes arising prior to federal control, as applied to causes in the federal trial courts, are not recognized as authority by the Texas courts on causes of action instituted therein to which the statutes of such state alone apply.

---

⚏For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted April 18, 1923.

**3. Courts ⬤�ý375—Federal courts to which actions to enforce rights not dependent on federal statutes or Constitution are transferred from state courts must follow state laws as to limitations.**

Limitation of actions in the state courts for the enforcement of rights not dependent on acts of Congress or the federal Constitution is a matter purely of state regulation, which the federal courts must follow when such actions are transferred to them.

**4. Railroads ⬤⟝5½, New, vol. 6A Key-No. Series—Plaintiff bound by law of forum as to limitations as against federal law to contrary.**

Even if federal courts, to which actions for the enforcement of rights not dependent on federal statutes or the United States Constitution are transferred from state courts, are not bound to follow the state law as to limitations, an action brought in a Texas court against a railroad for injuries to a United States soldier on February 9, 1917, is barred two years after his discharge from the service on December 23, 1918, despite Act Cong. Feb. 28, 1920, § 206, subd. f, providing that the period of federal control (January 1, 1918, to March 23, 1920) shall not be computed as part of the period of limitation in actions against carriers for causes arising prior to federal control; plaintiff being bound by the law of the forum, which he chose and, as plaintiff, not having the right to remove cause to federal court.

**5. Railroads ⬤⟝5½, New, vol. 6A Key-No. Series—One injured before federal control may sue and obtain judgment at any time thereafter, including period of federal control.**

Under Federal Control Act March 21, 1918, § 10 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), subjecting carriers under federal control to all liabilities as such under state or federal laws and providing that no defense to actions against them shall be made on the ground that the carrier is an instrumentality or agency of the federal government, one injured prior to federal control may sue and recover judgment at any time after the injury, notwithstanding federal control, though he cannot collect his judgment by levying on the railroad property until after expiration of the period of federal control.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by James L. Bell against James A. Baker, receiver of the International & Great Northern Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

John L. Dannelley, of Laredo, for appellant.

Dabney & King, of Houston, and F. C. Davis and Marshall Eskridge, both of San Antonio, for appellee.

FLY, C. J. This is a suit for damages arising from personal injuries, alleged to have been inflicted on February 9, 1917, instituted by appellant against James A. Baker, receiver of the International & Great Northern Railroad Company. Appellee excepted to the petition on the ground that it is apparent from its allegations that the cause of action was barred by the statutes of limitations of two and four years, the injury being alleged to have occurred on February 9, 1917, and the suit having been filed on January 19, 1921; and appellee also pleaded limitation. Appellant sought to avoid limitations by alleging that on February 9, 1917, he was in the actual service of the United States Army, remained in such service until December 23, 1918, and that on January 1, 1918, the railroad of appellee was taken control of by the federal government and remained in its control until March 1, 1920. The court sustained the exception and plea presenting the question of limitation of two years.

The allegations show that appellant was injured at a time when he was in the service of the Army of the United States as a soldier and remained in such sesvice until December 23, 1918. By the terms of the federal law, of date March 18, 1918, the time of a man in the military service was excluded in computing limitation. That law was passed over 13 months after appellant was injured. On January 1, 1918, the government assumed control of the railroads of the United States, and on February 28, 1920, the federal statutes excluded the time that the railroads were under federal control from any computation of the time of limitations. At the time the first was passed, limitation had been running for over 13 months; but it is contended that the law was retroactive in its effect, and that under the section 10322, Barnes' Fed. Code (U. S. Comp. St. 1918, U. S. Comp. St. Ann Supp. 1919, § 3078¼e), limitation did not begin to run against appellant until December 23, 1918, when appellant was discharged from the army. Then limitation had run for over 14 months when another federal statute was passed (section 10169g, Supp. 1922 Barnes' Federal Code) which it is claimed again interrupted the running of limitations and prevented the beginning of limitation until March 23, 1920, when federal control ceased.

[1] Without entering into any discussion as to whether paragraph 10322 in the federal act of 1918 has any application to a suit brought in a state court, and assuming that it precluded the running of limitation from the time of the injury, on February 9, 1917, until the discharge on December 23, 1918, the limitation did begin to run at that time and the cause was barred by limitation of two years on January 19, 1921, when this action was begun unless there was another retroactive stay of the statute of limitations made by the federal law of February 28, 1920 (41 Stat. 456). Section 206, subd. f, of that act provides:

"The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control."

It is the contention of appellant that this provision of the federal law applies to both federal and state statutes of limitation, but there is nothing in the law that indicates in the slightest that it had any other reference than to the federal laws, about which Congress is given constitutional authority to make rules. This view is fortified by the fact that the provision applies to actions against carriers or in claims for reparation to the Commission. The latter being only before a federal commission and being linked with actions against carriers, we must conclude that actions against carriers in federal courts are intended. Clearly actions against carriers in state courts founded on matters arising before federal control began are so utterly beyond the province of federal control that it will be presumed that no such unwarrantable interference with state laws was intended. Congress had nothing to do with causes of action arising against railroad companies before, as a war measure, the President of the United States was clothed with autocratic powers over the common carrier systems of America.

[2] To sustain his position appellant cites the opinions of federal district judges, which seem to sustain the legislation in question as applied to causes in the federal trial courts with which decisions Texas courts have no concern and do not recognize them as authority on causes of action instituted in state courts, to which the statutes of Texas alone apply. We assume that we, are fully as well equipped to properly construe the laws of Texas as a federal District Court, and while we do not believe that Congress or the federal district judges intended to extend the federal ex post facto law to the state statutes of limitation, we would not consider them binding if such be their intention. Congress was legislating for the Union and not for the individual states. There was no necessity for such legislation so far as state courts were concerned as to causes of action arising before federal control which could be instituted and prosecuted to judgment against common carriers, the only handicap being that they could not be collected while the railways were under federal control, and section 10169g gives authority to institute suits for causes of action arising while the railroads were under federal control.

[3] The decision in the case of Mitchell v. Clark, 110 U. S. 633, 4 Sup. Ct. 170, 312, 28 L. Ed. 279, was in a case which arose out of circumstances connected with the Civil War, and really the only argument at all tenable offered by the Supreme Court for holding that the Congress could set aside the state laws of limitation was that it was "done for the benefit of the government by one of its officers or by his imperative orders which could not be resisted," and while the government was liable it had the right to hasten the action against its officer by shortening the limitation prescribed by the state. The court said:

"The question in all such cases is one that arises under the Constitution and laws of the United States, because the act questioned is one done or omitted under color of authority claimed to be derived from the government, and, therefore, involves the consideration whether such authority did in fact, or could in law, exist. It is one, consequently, that falls within the * * * jurisdiction of the judicial power of the United States. Hence it follows that Congress might vest that jurisdiction exclusively in the courts of the United States, and might regulate all the incidents of suits brought in any jurisdiction authorized to entertain them."

In a strong dissenting opinion Mr. Justice Field shows the utter fallacy of the opinion of the majority, and in answering the holding that, if the cause could be removed to the federal court the laws of limitation of the United States apply, Judge Field, after fully reviewing such position, holds: "The limitations prescribed by the state law govern in both tribunals." We follow the dissenting opinion in holding that—

"The limitation of actions in the state courts for the enforcement of rights which are not dependent upon acts of Congress or upon the Constitution is a matter purely of state regulation which the federal courts must follow when such actions are transferred to them."

[4] That is undoubtedly law and common sense. If this were not the law, however, appellant being the plaintiff could not have removed the cause to a federal court. He chose the forum for his suit and he is bound by the law of the forum. The laws of Texas prescribe that his action was barred in two years, and he must abide by that law. When he is given the 22 months as a concession to his service in the army, he has all to which he is entitled. If he had instituted the suit as soon as the railroads passed out of the hands of the government, in March, 1920, he would have been in time; but he waited for many months thereafter to bring his action.

[5] Appellant could have instituted his suit against appellee at any time from February 9, 1917, and could under proper proof have obtained a judgment. Federal control, nor service as a soldier prevented him from prosecuting his claim for damages. McGregor v. Railway, 42 N. D. 269, 172 N. W. 847, 4 A. L. R. 1635; Railway v. Smiley, 151 Ga. 795, 108 S. E. 273. Under the Federal Control Act dated March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §. 3115¾j):

"Carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law. * * * Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government."

He could not have collected his judgment by levying on railroad property, but he would have had his claim in judgment shape so as to collect when the time arrived. Probably the federal statute did not apply to causes of action arising while the property of the railroads was under government control, but it would undoubtedly have applied to causes of action arising before such control. McGrath v. Railway, 46 N. D. 303, 177 N. W. 383.

In the cited case of Railway v. Smiley, the facts showed that a woman was injured by a railway company on December 17, 1917, the same year in which appellant claims he was injured, and the government assumed control of the railroad on January 1, 1918, and operated it until March 1, 1920. The petition for damages was filed on June 23, 1920, more than two year after the alleged injury, and a demurrer was filed to the petition on the ground that it showed on its face that the claim was barred by limitation and was overruled by the trial court, and the judgment on appeal was reversed because the demurrer was not sustained. The Supreme Court of Georgia held that if the act suspending statutes of limitation during federal control was intended to apply to state laws as well as federal laws, it was unconstitutional, and also that, the federal statute being general in its terms and not applying in terms to state laws, it was a reasonable conclusion that Congress did not intend to apply the law to state courts. The cause was held to be barred by limitation under the Georgia statute. That case applies directly to this case.

The judgment is affirmed.

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes